TRULINCS 67206054 - LEWIS, REGINA - Unit: CRW-E-I

---------------------------------------------------------------

FROM: 67206054
TO: Lewis, Lennie
SUBJECT: Amended Complaint
DATE: 08/17/2013 09:29:24 AM

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
Regina Lewis
        Plaintiff,
-v-

United States of America, The State of New York,
Federal Bureau of Prisons, Federal Defenders Inc.,
Martin Cohen, CJA Panel, Richard Rosenberg,
Eric Weiss, United States Marshal's Service,
Frank Phillips, Michael Purcell, Damian Williams,
-----------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 12/17/2013

DEC 17 2013

PRO SE

AMENDED COMPLAINT
12Civ.7242 (LAP)

Several months prior to my arrest I noticed extra activity on my computers (hacked) I was receiving calls at 2:30am while there was silence from the caller. I also noticed that someone had created a web site about Newburgh NY making me the topic. On July 26,2012 on or about 4:30am Eric Weiss and the U.S. Marshals Service entered my home by removing the sliding door on the first floor of my home. I was taken to the U.S. Marshal Service at 500 Pearl Street where I was processed and my DNA was taken. I was interviewed by pre-trial services. I was interviewed by Martin Cohen and I instructed Martin Cohen that Eric Weiss had an unhealthy interest in me and that I believed that he was hacked into my computers. I also instructed Martin Cohen that Eric Weiss had no arrest warrant or search warrant, but he court wouldn't care. During the arraignment Martin Cohen instructed me not to be alarmed because both Eric Weiss and Michael Maimin were in the court room waiting for me and he had no idea why. Martin Cohen asked me if I knew either of the two personally. I said that Eric Weiss had photos 12 by 12 color photos of me that he carried around that he printed from my Facebook and that Michael Maimin was my nemesis because I publicly criticized his practices. Eric Weiss was sitting in the back of the courtroom slouched in a chair swatting his legs opened and closed, while Michael Maimin was instructing the prosecutor.

I was served with an affirmation filed by Eric Weiss on July 25, 2012 alleging that someone identifying them self as (REGINA LEWIS) called the U.S. District Court on July 19,2012 threatening to kill an unknown judge under 18USC115 (a) (5). During the arraignment pretrial services stated that the multiple law suits that I have filed in the Federal Court, are the reason for my PTSD (Post Traumatic Stress Disorder). Judge Gorenstien ordered a psych evaluation and I was remanded. I was transferred to the Metropolitan Correctional Center at 150 Park Row. (.id) on August 9,2012 I meant with Psychologist Dr. Owen who interviewed me, I instructed Dr. Owens that I felt that Eric Weiss had an unhealthy interest in me and may be hacked into my computer and that I loved him. For six months Martin Cohen denied having Dr. Owens report needed to release me during pre-trial and the court went along with him.

(.id) On August 23, 2012 I was indicted. I was also transferred to the Metropolitan Detention Center. On or around September 16,2012 I received the Governments disclosure and included was disclosure Facebook 3400. I contacted Martin Cohen and inquired of the Facebook 3400. Martin Cohen instructed me that Facebook 3400 was material that the Government disclosed and evidence that Eric Weiss has been hacked into my computer months prior to my arrest. I Informed Martin Cohen that I told you so and that Eric Weiss was sick, he said " your right Ms. Lewis he is sick" when I asked Martin Cohen why do I love Eric Weiss so much, Martin Cohen Said " it's because you suffer with Stockholmes Syndrome Ms. Lewis" when I asked what is Stockholmes Syndrome, Martin Cohen said your in love with your capturer Ms. Lewis.

(.id) on October 10,2012 I was WAB (packed out with all belongings) from the Metropolitan detention Center, while in RND I was instructed by the U.S. Marshals that I was being transported to the Westchester County Hospital. I was taken from the Metropolitan Detention Center to the U.S. Marshals Service at 500 Pearl Street where I remained in the holding cell for several hours finally, I was taken to the garage where I was turned over on a writ tot he Orange County Sherriff's Department. The Orange County Sherriff's Department transported me to the Orange County Jail where I was transported to the Walden Town Court for a misdemeanor case I was previously arraigned and bailed on. I was re-arraigned and released on the same bail. I was taken back to the Orange County Jail and held over night and taken back to the U.S. Marshals Service the following day. · The U.S. Marshals then transported me back to the Metropolitan Detention Center. Upon being processed back into the system at the Metropolitan Detention Center I was provided with documents pertaining to my return court date.

FROM: 67206054 LEWIS, REGINA
TO: "Lennie Lewis" <biglmusic4u@msn.com>
SUBJECT: Amended Complaint
DATE: 08/16/2013 08:38 PM

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------

Regina Lewis
     Plaintiff,
  -v-

United States of America, Federal Bureau of Prisons,
Metropolitan Detention Center, Metropolitan
Correctional Center, Federal Defenders Inc., Martin Cohen,
United States Marshal Service, Eric Weiss, CJA Panel,
Richard Rosenberg, United States Attorney's Office,
Damian Williams, State of New York, Orange County
Sherriff's Department, Orange County Jail, Orange County
District Attorney's Office, Frank Phillips, Michael Purcell,

      Defendant's

--------------------------------------------------------------------

AMENDED COMPLAINT
12 Civ. 7242 (LAP)

    On July 26, 2012 Eric Weiss and the U.S. Marshals Service at or around 4:30am entered my home by removing my sliding door on the first floor home. I was transported to the U.S. Marshals Service at 500 Pearl Street where I was finger printed an my DNA was taken. During arraignment, I instructed by Martin Cohen to ignore Eric Weiss because he was in the court and he didn't know why, he also said that U S Attorney Michael Maimin was in the court and asked me if I knew him. Eric Weiss was in back of the court slouched down swatting his legs open and closed. I was served with a copy of an affirmation filed by himself. The affirmation claimed that someone identifying themselves as Regina Lewis called the court on or around July 19,2012 making threats under 18USC115 (a) (5) and was filed on July 25,2012. While being interviewed by Martin Cohen I informed him of the unhealthy behavior of Eric Weiss and that I believed that he may be hacked into my computers. I was transported by the U.S. Marshals to the Metropolitan Correctional Center at 150 Park Row.

    On or around August 9,2012 I was interviewed by psychologist Dr. Owen who I also informed of the unhealthy behavior of Eric Weiss. For six months Martin Cohen requested an extension to present the report by denying that he had the report to the court and myself. On or around September 16,2012 I received the Governments disclosure for discovery. I contacted Martin Cohen regarding the disclosure of facebook 3400. Martin Cohen affirmed that the disclosure facebook 3400 was the evidence that Eric Weiss has been hacked into my computers, when I said he is sick and I told you so, Martin Cohen went on further to say " your right Ms. Lewis he is sick". When I asked Martin Cohen as to why do I love Eric Weiss so much he said "because you have Stockholmes Syndrome Ms. Lewis" I said what is Stockholmes Syndrome and Martin Cohen said "your in love with your capturer".

    On October 10,2012 I was packed out (WAB) with all belongings from the Metropolitan Detention Center, while in RND at the Metropolitan Detention Center the U.S. Marshal informed me that he was transporting me to the Westchester County Hospital. The U.S. Marshals transported me from the Metropolitan Correctional Center to the U.S. District Court where I remained in the holding cell for several hours. Finally, I was wheeled from the holding cell to the garage exit where I was served a writ and turned over to the Orange County Sherriff's Department. The Orange County Sherriff's Department transported me to the Orange County Jail where I was transported to the Walden Town Court and re- arraigned and re-released on bail. I was taken back to the Orange County Jail where I spent one night and was transported back to the U.S. Marshals Service. I was then transported back to the Metropolitan Detention Center. I was not informed of writ proceedings being filed or given the opportunity to fight extradition.

    Several weeks later after looking through my legal mail, I noticed a SENTRY generated computer (In-Transit Data Form) document attached to my court papers. At the time I didn't know what it was. I showed the document to several correctional officers, who told me that according to that document I should have been released. As the months passed I showed it to my counselor, my case manager and my unit team manager who said " we put you out what are you doing back". I then showed it to the Associate Warden Dr. Bryant of MDC who also confirmed that I should have been released long ago. Upon showing it to

--------------------------------------------------------------------------------

RND unit manager Ms. Easterling it was confiscated (.id) numerous copies being made. (See exhibit A:)  on or around January 15,2013 I showed the document to Richard Rosenberg, who on or around May told me that the document meant nothing, it was merely interdepartmental communication.

I informed both Martin Cohen and Richard Rosenberg of the fact that Eric Weiss  had no arrest warrant or search warrant when he entered my home.  Martin Cohen said that he would look into it but never mentioned it again.   If the seperatee information is valid then the rest of the information is as well.

(I would like it noted that the close proximity of the United States District Court, Metropolitan Detention Center, Metropolitan Correctional Center, United States Marshal Service, Federal Defenders Inc. CJA Panel  lacks impartiality.  The Fed. R.Cr. P. (1) shall be construed to secure the just and speedy and inexpensive determination of every action.  The Fed.R.Cr.P. (2) Interpretation, these rules are to be interpreted to produce for the just and determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration and to eliminate unjustifiable expense and delay.  Fedr.R.Cr.P. Rule 17.1 a pre-trial conference is to promote a fair and expeditious trial.   When a conference ends the court must prepare and file a memorandum of the matters agreed to during the conference.   The Government may not use any statement made during the conference by the defendant or the defendant's attorney unless it is in writing and signed by the defendant and the defendants attorney.

## The Bail reform Act 1984 Legal Principals

The bail reform Act of 1984, codified in Title 18 United States Code Section 3142 "favor[s] release over pre-trial detention". United States v. Orta. 760 F .2d 887. 890 (8th Cir. 1985).   The statue directs that a "Judicial officer shall order the pre-trial release of a person... subject to the least restrictive condition or combination of conditions that such Judicial Officer determines will reasonably assure the appearances of the person as required and the safety of any other person and the community 18U.S.C.3142 (C) (B).

## History and Characteristics of the Defendant

The Court should consider in this order:
a. Release of the defendant on personal recognizance or unsecured appearance bond.
b. Release of the defendant on conditions reasonably necessary to assure the appearance  of the defendant as required and to assure the safety of any person and the community.
c. Pre-trial detention if the Court finds that no condition or combination of conditions will reasonably assure the appearance of the person and the safety of any person or the community.

In making the determination, the State directs the Court to consider inter alia, (1) the nature and circumstances of the offense... (2) the weight of the evidence; (3) the history and characteristics of the defendant including family ties, community ties, criminal history and record concerning appearance at court proceedings; (4) the nature and seriousness of the danger to any person or the community that would be posed by the persons release 18U.S.C.3142 (g). However, this presumption can be overcome.  In order to detain a person pre-trail based on danger to the community the Government must still provide the Court with "clear and convincing evidence" to support such a finding.

These rules govern a motion filed in a United States District Court under 28 U.S.C. 2255 by:
(b) a person in custody under a judgment of a state court or another federal court, and subject to future custody under a judgment of the district court, who seeks a determination that:
(1) future custody under a judgment of the district court would violate the Constitution or laws of the United States;
(2) the district court lacked jurisdiction to enter the judgment;
(4) the district court's judgment or sentence is otherwise subject to collateral review.

Rule 60. Relief from a Judgment or Order
(b) Grounds for Relief from a Final Judgment, Order, or Proceedings.   On motion and just terms, the court may relieve a party or it's legal representative from final judgment, order, or proceeding for the following reasons:
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(6) any other reason that justifies relief.

[1] Role of Motions for Judgment of Acquittal

A motion for judgment of acquittal is a device to test the strength of the prosecutions' evidence.  It takes the trial judge to decide if the governments' case is strong enough to present a question for the jury to decide.  The judge takes the evidence in the light most favorable to the government, and makes the legal decision about whether there is a prima facie.  If the motion is denied, the fact that defense counsel has presented it to the trial judge, preserves for appeal the question of the sufficiency of the

prosecutions case.

Notes of Committee on the Judiciary on 1975 amendments (House Report No. 94-247). B. Committee Action. The Committee agrees with proposed rule but has added the language concerning the use of statements made to a psychiatrist during the course of a psychiatric examination provided for by Rule 12.2. The language provides: No statement made by the accused in the course of any examination provided for by this rule, whether the examination shall be with or without the consent of the accused, shall be admitted in evidence against the accused before the judge who or jury which determines the guilt of the accused, prior to the determination of guilt.

The District Court held that to afford sufficient protection to the liberty interest it had identified, the State was required to observe the following minimum procedures before transferring a prisoner to a mental hospital:
A. Written notice to the prisoner that a transfer to a mental hospital is being considered;
B. A hearing, sufficiently after the notice to permit the prisoner to prepare, at which disclosure to the prisoner is made of the evidence being relied upon for the transfer and at which an opportunity to be heard in person and to present documentary evidence is given;
C. An opportunity at the hearing to present testimony of witnesses by the defense and to confront and cross-examine witnesses called by the state, except upon a finding, not arbitrarily made, of good cause for not permitting such presentation, confrontation, or cross-examination;
D. An independent decision maker;
E. A written statement by the factfinder as to the evidence relied on and the reasons for the transferring the inmate;
F. Availability of legal counsel, furnished by the state, if the inmate is financially unable to furnish his own; and
G. Effective and timely notice of all the foregoing rights. 437 F. Supp; at 575.

For the purposes of an examination pursuant to an order under section 4241, 18USC4241, the court may commit the person to be examined for a reasonable period, but not to exceed thirty days. Unless impracticable, the psychiatric or psychological examination shall be conducted in a suitable facility closest to the court. The director of the facility may apply for a reasonable extension, but not to exceed thirty days, upon showing of good cause that the additional time is necessary to observe and evaluate the defendant. 4247 General Provisions for Chapter

FROM: 67206054
TO: Lewis, Lennie
SUBJECT: Amended Complaint
DATE: 08/16/2013 08:38:20 PM

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------

Regina Lewis
    Plaintiff,

-v-

United States of America, Federal Bureau of Prisons,
Metropolitan Detention Center, Metropolitan
Correctional Center, Federal Defenders Inc., Martin Cohen,
United States Marshal Service, Eric Weiss, CJA Panel,
Richard Rosenberg, United States Attorney's Office,
Damian Williams, State of New York, Orange County
Sherriff's Department, Orange County Jail, Orange County
District Attorney's Office, Frank Phillips, Michael Purcell,

    Defendant's

AMENDED COMPLAINT
12 Civ. 7242 (LAP)

*[handwritten: May 28, 2013]*
*[handwritten: on July 26, 2012]*
*[handwritten: After calling my home at 2:30 am without warrant]*

--------------------------------------------------------------------------------

*[handwritten margin note: Pretrial services Concluded that numerous lawsuits filed in the court have led to my Prosel ... and that it was a threat to my defense attorneys ...]*

On July 26, 2012 Eric Weiss and the U.S. Marshals Service at or around 4:30am entered my home by removing my sliding door on the first floor home. I was transported to the U.S. Marshals Service at 500 Pearl Street where I was finger printed an my DNA was taken. During arraignment, I instructed by Martin Cohen to ignore Eric Weiss because he was in the court and he didn't know why, he also said that U S Attorney Michael Maimin was in the court and asked me if I knew him Eric Weiss was in back of the court slouched down swatting his legs open and closed. I was served with a copy of an affirmation filed by himself. The affirmation claimed that someone identifying themselves as Regina Lewis called the court on or around July 19,2012 making threats under 18 USC 115 (a) (5) were filed on July 25,2012. While being interviewed by Martin Cohen I informed him of the unhealthy behavior of Eric Weiss and that I believed that he may be hacked into my computers. I was transported by the U.S. Marshals to the Metropolitan Correctional Center at 150 Park Row.

*[handwritten: Judge Goverskey ordered a psych eval]*

On or around August 9,2012 I was interviewed by psychologist Dr. Owen who I also informed of the unhealthy behavior of Eric Weiss. For six months Martin Cohen requested an extension to present the report by denying that he had the report to the court and myself. On or around September 16,2012 I received the Governments disclosure for discovery. I contacted Martin Cohen regarding the disclosure of facebook 3400. Martin Cohen affirmed that the disclosure facebook 3400 was the evidence that Eric Weiss had been hacked into my computers, when I said he is sick and I told you so, Martin Cohen went on further to say " your right Ms. Lewis,he is sick". When I asked Martin Cohen as to why do I love Eric Weiss so much he said "because you have Stockholmes Syndrome Ms. Lewis" I said what is Stockholmes Syndrome and Martin Cohen said "your in love with your capturer".

On October 10,2012 I was packed out (WAB) with all belongings from the Metropolitan Detention Center, while in RND at the Metropolitan Detention Center the U.S. Marshal informed me that he was transporting me to the Westchester County Hospital. The U.S. Marshals transported me from the Metropolitan Correctional Center to the U.S. District Court where I remained in the holding cell for several hours. Finally, I was wheeled from the holding cell to the garage exit where I was served a writ and turned over to the Orange County Sherriff's Department. The Orange County Sherriff's Department transported me to the Orange County Jail where I was transported to the Walden Town Court and re- arraigned and re-released on bail. I was taken back to the Orange County Jail where I spent one night and was transported back to the U.S. Marshals Service. I was then transported back to the Metropolitan Detention Center. I was not informed of writ proceedings being filed or given the opportunity to fight extradition.

*[handwritten: that Eric is shown to correctional staff is different than Ex. A psychological]*

Several weeks later after looking through my legal mail, I noticed a SENTRY generated computer (In-Transit Data Form) document attached to my court papers. At the time I didn't know what it was. I showed the document to several correctional officers, who told me that according to that document I should have been released. As the months passed I showed it to my counselor, my case manager and my unit team manager who said " we put you out what are you doing back". I then showed it to the Associate Warden Dr. Bryant of MDC who also confirmed that I should have been released long ago. Upon showing it to

--------------------------------------------------------------------------------

RND unit manager Ms. Easterling it was confiscated (.id) numerous copies being made. (See exhibit A:) on or around January 15,2013 I showed the document to Richard Rosenberg, who on or around May told me that the document meant nothing, it was merely interdepartmental communication. *and 5 received an incident report* Seg: Feb

I informed both Martin Cohen and Richard Rosenberg of the fact that Eric Weiss had no arrest warrant or search warrant when he entered my home. Martin Cohen said that he would look into it but never mentioned it again. If the seperatee information is valid then the rest of the information is as well.

(I would like it noted that the close proximity of the United States District Court, Metropolitan Detention Center, Metropolitan Correctional Center, United States Marshal Service, Federal Defenders Inc. CJA Panel lacks impartiality. The Fed. R.Cr. P. (1) shall be construed to secure the just and speedy and inexpensive determination of every action. The Fed.R.Cr.P. (2) Interpretation, these rules are to be interpreted to produce for the just and determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration and to eliminate unjustifiable expense and delay. Fedr.R.Cr.P. Rule 17.1 a pre-trial conference is to promote a fair and expeditious trial. When a conference ends the court must prepare and file a memorandum of the matters agreed to during the conference. The Government may not use any statement made during the conference by the defendant or the defendant's attorney unless it is in writing and signed by the defendant and the defendants attorney.

### The Bail reform Act 1984 Legal Principals

The bail reform Act of 1984, codified in Title 18 United States Code Section 3142 "favor[s] release over pre-trial detention". United States v. Orta. 760 F .2d 887. 890 (8th Cir. 1985). The statue directs that a "Judicial officer shall order the pre-trial release of a person... subject to the least restrictive condition or combination of conditions that such Judicial Officer determines will reasonably assure the appearances of the person as required and the safety of any other person and the community 18U.S.C.3142 (C) (B).

### History and Characteristics of the Defendant

The Court should consider in this order:
a. Release of the defendant on personal recognizance or unsecured appearance bond.
b. Release of the defendant on conditions reasonably necessary to assure the appearance of the defendant as required and to assure the safety of any person and the community.
c. Pre-trial detention if the Court finds that no condition or combination of conditions will reasonably assure the appearance of the person and the safety of any person or the community.

In making the determination, the State directs the Court to consider inter alia, (1) the nature and circumstances of the offense... (2) the weight of the evidence; (3) the history and characteristics of the defendant including family ties, community ties, criminal history and record concerning appearance at court proceedings; (4) the nature and seriousness of the danger to any person or the community that would be posed by the persons release 18U.S.C.3142 (g). However, this presumption can be overcome. In order to detain a person pre-trail based on danger to the community the Government must still provide the Court with "clear and convincing evidence" to support such a finding.

These rules govern a motion filed in a United States District Court under 28 U.S.C. 2255 by:
(b) a person in custody under a judgment of a state court or another federal court, and subject to future custody under a judgment of the district court, who seeks a determination that:
(1) future custody under a judgment of the district court would violate the Constitution or laws of the United States;
(2) the district court lacked jurisdiction to enter the judgment;
(4) the district court's judgment or sentence is otherwise subject to collateral review.

Rule 60. Relief from a Judgment or Order
(b) Grounds for Relief from a Final Judgment, Order, or Proceedings. On motion and just terms, the court may relieve a party or it's legal representative from final judgment, order, or proceeding for the following reasons:
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(6) any other reason that justifies relief.

[1] Role of Motions for Judgment of Acquittal

A motion for judgment of acquittal is a device to test the strength of the prosecutions' evidence. It takes the trial judge to decide if the governments' case is strong enough to present a question for the jury to decide. The judge takes the evidence in the light

Special needs Bowling Rubber bowling balls
and plastic pins

purpa. addides

------------------------------------------------------------------------------------------

FROM: 67206054
TO: Lewis, Lennie; Rosenberg, Richard
SUBJECT: Amended Complaint
DATE: 05/22/2013 12:43:11 PM


IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------

Regina Lewis,

      Plaintiff,                                                    FIRST AMENDED COMPLAINT
-V-

United States of America, Federal Bureau of Prisons,
Metropolitan Detention Center, Federal Defenders Inc,
United States Marshal Service, United States Attorney's Office,
United States Marshal Eric Weiss, Martin Cohen, Richard Rosenberg,
United States Attorney Preet Bhahara, AUSA Damian Williams,
Warden Frank Strada, Assistant Warden Ms. White,
Dr. Cohen, Ms. Velez, Ms. Reeder, Mr. Cotton, Lt. Tessel,
Ms. Easterling, Orange County Sheriff's Department,
Orange County District Attorney's Office, Orange County Jail,
Orange County Prosecutor Frank Phillips, Assistant DA Michael Purcell,


      Defendant's

------------------------------------------------------------------------

    On July 25, 2012 United States Marshal Eric Weiss filed an affirmation, alleging that I threatened a United States Federal Judge, but stated no more than the offense as charged.  On July 26, 2012 U.S. Marshal Eric Weiss and the U.S. Marshal's Service without a warrant or search warrant unlawfully entered my home of 197 Lake Dr. by removing my sliding doors for on the first floor. Judge Gorenstein ordered a psych study.  On August 14, 2012 the case was adjudicated with an order for treatment to be provided  by the outside. I was never informed by Martin Cohen, nor Damian Williams or Judge Hellerstein of this order. According to Counselor Hill at the Metropolitan Correctional Center I was being released shortly to go home. On or around August 17, 2012 I filed a complaint against the United States of American and FBOP for housing me with a male inmate who was going through a sex change and was provided with hypodermic needles by medical to inject himself three times a day unsupervised with hormones in my presence. On August 23, 2012 while housed in the Metropolitan Correctional Center inmate Danielle Williams spread a rumor that I started a petition to have the male inmate removed from the unit and hurt, she also told SIS Lieutenants and as a result I was then faced with a mob of inmates who threatened me and I was transferred to the Metropolitan Detention Center and in retaliation I was indicted the same day I was transferred.  During a legal visit with Martin Cohen's assistant I was provided with a copy of the indictment.  In September of 2012 I was presented with the Government's disclosure that disclosed that U.S. Marshal Eric Weiss was my stalker and has been hacked into my computers since May of 2012. On October 10, 2012 I was released from Federal Custody according to Unit Team Manager Velez and turned over to the U.S. Marshals for transport to the Westchester County Hospital for release.  Instead of transporting me to the Westchester County Hospital the U.S. Marshals took me to the U.S. Marshals Service and held me with no detainers for the Orange County Sheriff's Department on a writ filed by Orange County Prosecutor Frank Phillips and Michael Purcell for a misdemeanor charge. Upon being returned to MDC unit team manager Velez informed me that I was released from Federal Custody and shouldn't be here.  First, on April 13, 2012 I was already arraigned and released on bail on the misdemeanor charges the Orange County Prosecutor filed a writ for. Second, neither the U.S. Marshals nor the Orange county Sheriff's Department had the legal right to hold me for each other with no detainers.  According to Assistant Warden Dr. Bryant I should have been released long ago. Neither unit team members at MCC nor MDC have addressed the issue, nor has Martin Cohen or Richard Rosenberg.  On October 10, 2012 upon my return to MDC from the Writ, staff gave me the Federal Bureau of Prisons In-Transit Data Form.  On April 15, 2013 I was placed in SHU (Special Housing Unit) for being in possession of the  FBOP In-Transit Data Form.  Since my unlawful detention I have been abused by staff and inmates with isolation in (SHU) suicide watch, Psychiatric observations, for nearly five months in total while denied access to the court, and legal visits as well as having my privileges taken away (phone, commissary, etc.) and denied court ordered treatment and adequate medical care for my chronic medical conditions. My home, income, housing subsidy, independent living supportive housing program has been abolished, while my home office containing hundreds of sensitive files containing my clients medical and personal information has been wrongfully and illegally handled and disposed of, exposing my corporation (Mothers Against Institutional Negligence Inc.) to liability.  I remain in

---------------------------------------------------------------------------------------------------------------------

FROM: 67206054
TO: Lewis, Lennie
SUBJECT: Second Amended Complaint
DATE: 06/06/2013 08:30:26 PM

custody under false pretenses. The court and the "Government" refuses to acknowledge court 12MAG1992 issued on August 14, 2012. On April 19, 2013 conflicting decisions were made during pre-trial conference first, Richard Rosenberg informed me I was found incompetent based on the 730 exam second, I was asked to plead guilty and instructed by Richard Rosenberg and Judge Hellerstein that I would be released, when I refused to plead guilty it was then agreed by all parties that based on the extra-ordinary hardship placed on me in pre-trial detention I should be transferred to the (Westchester County Hospital) to resolve the case and an extension was given to allow me to think about pleading guilty and my next court date was scheduled for May 7th, 2013 . On or around April 22, 2013 Richard Rosenberg informed me that the U.S. Marshals would not transport me to the Westchester County Hospital and no other arrangements were made. On May 7,2013 when I declined to plead guilty a psych study was ordered by the Damian Williams and granted by Judge Hellerstein and according to the order I was turned over to the custody of the Attorney General. One, if I am in the custody of the Attorney General then why was the study ordered by the Prosecutor, and two, why is the order authorized by the judge. The psych study was ordered in retaliation. I was informed by Richard Rosenberg that it would be performed at the Metropolitan Detention Center and not to exceed thirty days. Then on May 28,2013 I was airlifted to the the Oklahoma Federal Transfer Center where I was placed in the hole SHU (Special Housing Unit) because according to staff my offense as charged establishes that I am a Government threat according to their supplemental policy to the FBOP policy. The offense as charged Threatening to Kill a Federal Judge, continues to slander me and defame me and to create a hardship. Richard Rosenberg never informed me that I was going to be transported to the Carswell FMC in Texas for a psych study and continues to deny me my entire file or a copy and to withdraw his representation. According to an email dated May 29, 2013 Richard Rosenberg instructed my family that if they agreed to put me up, he could propose an alternative to incarceration. Richard Rosenberg never asked me if I had a place to live and incarceration is not an alternative to homelessness. I have a place to live and strong community and family ties and a not-for profit organization of which I am the Chief Executive Officer. The psych study being performed by Dr. Powers is in retaliation for my refusal to plead guilty to charges already adjudicated and for a case being unlawfully prosecuted. The Federal Court's broad equitable powers are not to break the law but rather to provide justice and fairness. According to Carswell doctors my blood pressure is so high that I am at risk for a heart attack or stroke. I have no history of high blood pressure prior to my pre-trial detention and having my flesh and emotions peddled like an animal and according to Richard Rosenberg, the psych study is only a smoke screen to drug me up rather than to assist me in any way and the losses I have incurred and the manner in which I am being treated by the federal court and the "Government" surely justifies any behaviors that can possibly be exhibited under such duress and especially under these circumstances and in fact my PTSD (Post Traumatic Stress Disorder) symptoms have been consistently triggered by a pattern of this very wanton recklessness being carried out by the "Government" and District Court. The ineffective assistance cannot be considered to be within the wide range of competent assistance and has prejudiced me. Wherefore, I amend the complaint and will later ask for compensatory and punitive damages and whatever else is deemed just and proper by the court.

Regina Lewis 67206-054
Carswell FMC
PO Box 27137
Fort worth, TX 76127

--------------------------------------------------------------------------------

custody under false pretenses. The court, FBOP and Attorney General refuse to acknowledge court order 12MAG1992 issued on August 14, 2012. Wherefore, I amend the complaint and will ask the court to determine monetary damages at the appropriate time and whatever else is deemed just and proper.

Regina Lewis
MDC
PO Box 329002
Brooklyn, NY 11232
May 22, 2013

United States District Courts
Southern District of New York

Regina Lewis                    Complaint
                plaintiff
- v -

United States of America, MDC
U.S. Marshal Eric Weiss
U.S. Marshal Service
FBOP, Martin Cohen
Federal Defenders Inc.
Mr. Rosenberg, Damian
Williams US attorney
Office, Preet Bharara,
RNS Unit manager, Ms.
Easterling, Unit Team manager
Ms. Valez, Counselor Cotton,
Case Manager Reedie, Warden
Frank Strada, Lt Fennel,
Officer Jefferson, Nurse Falder
Dr. Beaudoire, Deana Powell
Mau Deputy Brenda Velasquez,
                defendants

        Preliminary Statement

    On July 26, 2012, I was unlawfully arrested
and seized by U.S. marshal Eric Weiss and the
U.S. marshal Service. I am being unlawfully
detained and isolated in the Metropolitan
Detention Center in direct violation of a court
order issued on August 14, 2012 for my release
for treatment. The case I am currently
being prosecuted on has been adjudge since August
14, 2012.

## Statement of Facts

1. Since May of 2012 U.S. Marshal Eric
2. Weiss has been hacked into my computers,
3. Stalking me and harrassing me.
4. On July 26th 2012 Eric Weiss and the U.S.
5. Marshal Service invaded my home in a
6. warrantless entry and did bring me to
7. the U.S. Marshall Service where I was
8. processed, and my DNA was taken and I
9. was housed in the Metropolitan Correctional
10. Center. According to FBOP CMS information
11. Associate Warden Mr. Bryant and RND
12. unit manager Ms. Easterling the case
13. was adjusted on August 14, 2012 with
14. an order for treatment to be provided on
15. the outside for a minimum of 30 days.
16. On October 10, 2012 I was packed out with
18. all belongings from the Metropolitan Detention
19. Center and turned over to the U.S. Marshals.
20. It appears that the court gave an order to
21. the Metropolitan Detention Center, who gave it
24. to the U.S. Marshals who instead of abiding
23. by the court order to bring me to the
24. Westchester Co. Hospital turned the order
25. and me over to the Orange Co. Sheriff's Dept.
26. who simply returned me the next day to
27. the U.S. Marshals who simply gave all the
28. Order and returned me to prison. From August
29. 19th 2012 I have filed over 60 copouts to the
30. Warden and other staff at MCC and MDC regarding
31. the Conditions of my confinement and my
32. unlawful detainer. I have written several
33. letters to the chief judge, and filed judicial

34 Complaints against attorneys Mertin Cohen
35 Mr. Rosenberg, Damian Williams U.S. attorney
36 And judge Alvin K. Hellerstein next to
37 nothing. Civil Complaints as well. Between
38 July 36th 2012 and April 2013, I have
39 spent nearly five months in SHU,
40 Psych observation and suicide watch
41 As retaliation and provocation to justify
42 ~~for~~ my unlawful detention. I've been
43 medically abused and neglected at both
44 mcc and mdc and both physically and
45 sexually assaulted while at mcc by Unit
46 team manager Regina Eldridge. I've
47 been assaulted by inmate Fiona Howell
48 at mcc and spent two days in SHU
49 where she only spent 38. On April
50 14, 2012 I was flipped out of my wheel
51 chair by inmates Maria Dempey and
52 Paola Velasquez to make me and have me
53 walk infront of the guide on body. I've
54 also been subjected to second part chemo-
55 therapy by being placed in close
56 proximity to an inmate being chemo-
57 treated who got Chemo, within 8 hours
58 of treatment. On or around September
59 2012 the U.S. marshals in an attempt to
60 hide Eric Weiss's Computer hosting and
61 storing crimes and ~~my personal~~ burglarized
62 my home, stealing I art or 7 computer,
63 my flat screen television and other
64 digital items. As a result of an detention
65 on or around December 2012 I lost my
66 home and most likely everything in it.

## Conclusion

67    I pray that each and every

68 defendant be ordered to pay Compensatory

69 and punitive damages in the sum of:

70

| | | |
|---|---|---|
| 71 | United States of America | 50,000,000 |
| 72 | U.S. Marshal Eric Weis | 20,000,000 |
| 73 | U.S. Marshal Service | 50,000,000 |
| 74 | F.B.O.P. | 50,000,000 |
| 75 | Marion Cohen | 20,000,000 |
| 76 | Federal Defenders Inc. | 50,000,000 |
| 77 | Mr. Rosenberg | 20,000,000 |
| 78 | Darrell Williams | 20,000,000 |
| 79 | U.S. Attorney's Office | 50,000,000 |
| 80 | Preet Bharara | 20,000,000 |
| 81 | Ms. Carter Ung | 20,000,000 |
| 82 | Ms. Valdez | 20,000,000 |
| 83 | Raymond Colon | 20,000,000 |
| 84 | Mr. Dexter | 20,000,000 |
| 85 | Frank Shrela | 20,000,000 |
| 86 | Lt. Fissel | 20,000,000 |
| 87 | Officer Jefferson | 20,000,000 |
| 88 | Officer Felder | 20,000,000 |
| 89 | Dr. Bourdier | 20,000,000 |
| 90 | Diana Howell | 20,000,000 |
| 91 | Maria Dupree | 20,000,000 |
| 92 | Brenda Velasquez | 20,000,000 |
| 93 | Metropolitan Detention Center | 50,000,000 |

94    And whatever else the court may deem

95 just and proper.

96

97       _Dayna Lewis_

98       4-18-13

Tammy Ellis #42756-018
23 myrtle Avenue          (732) 494-3371
Metuchen, NJ 08840

(Doris)
D MADJAROV R
Schmidt's Mom
212/ 333-3966
646/445-0447 - cell

BP-A383.058
SEP 05

# INMATE PERSONAL PROPERTY RECORD   CDFRM

## U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| Institution: FMC CRW | 1. Name: Lewis, Regina |
|---|---|
| 2. Register No: 67206-054 | 3. Unit: M1 | 4. Date & Time of Inventory: 8/16/13 |

**5.** Purpose of Inventory (Check one that applies): Date and Time of Action: 8/16/13

a. ___ Admission   b. ___ Hospital   c. ___ Writ   d. ___ Transfer   e. ___ Detention
f. ✓ Release   g. ___ Incoming Package   h. ___ Other (specify): Stay cmplt

**6.** Disposition (Disp.)
D-Donated   M-Mail   S-Storage
K-Keep in Possession
C-Contraband (Attach BP-S102)

**7. Type of Property:**

| a. Personally Owned Items | | | Article | Disp. | b. Hygiene, etc. | Disp. | d. Food/Tobacco items | Disp. |
|---|---|---|---|---|---|---|---|---|
| # Article | Disp. | # | | | # Article | | # Article | |
| Batteries | | | Plastic spoon, cup | | Dental Floss | | Chewing tobacco | |
| Belt | | | Playing Cards | | Dentures | | Snuff | |
| Billfold | | | Purse | | Deodorant | | Coffeemate | |
| Books, Reading | | | Radio (w/earplug) | | Hair oil | | Cold drink mix, soda | |
| hard ___ soft ___ | | | Religious Medal | | Noxema | | Fruit | |
| Books, Religious | | | Ring | | Powder | | Honey, Hi-protein | |
| hard ___ Soft ___ | | | Shirt/Blouse | | Razor | | Instant chocolate | |
| Brassiere | | | Shoes | | Shampoo | | Instant coffee | |
| Cap, Hat | | | Shoes, shower | | Shaving lotion | | | |
| Coat | | | Shoes, Slippers | | Skin lotion | | | |
| Coins | | | Shoes, Tennis | | Soap dish | | | |
| Comb | | | Shorts | | Toothbrush | | | |
| Combination Lock | | | Skirt | | Toothpaste | | | |
| Dress | | | Slip | | | | e. Miscellaneous (List any damaged | |
| Driver's License | | | Social Security Card | | | | property and from where it was received; | |
| Earplugs | | | Socks | | | | e.g. U.S. Marshal) | |
| Eyeglass case | | | Socks, Athletic | | | | | |
| Eyeglasses | | | Stamps | | | | | |
| Gloves | | | Stockings | | | | | |
| Hairbrush/Pick | | | Sunglasses | | | | | |
| Handkerchief | | | Sweater | | | | | |
| Jacket | | | Sweat pant | | c. Hobby craft | | | |
| Jogging Suit | | | Sweat Shirt | | # Article | Disp. | | |
| Legal Materials | M | | Trophy | | | | | |
| Letters | M | | T-Shirts | | | | | |
| Magazines | | | Underwear | | | | | |
| Mirror | | | Watch/Watchband | | | | | |
| Nail Clippers | | | 2in medical records | M | | | | |
| Pant/Slacks | | | | | | | | |
| Pen/Ballpoint | | | | | | | | |
| Pencils | | | | | | | | |
| Personal Papers | M | | | | | | | |
| Photo Album | | | | | | | | |
| Photo | | | | | | | | |

**8.** Items Alleged by Inmate to Have Value Over $100.00
Description of Property

Maraya Lewis
47 A Walsh Rd.
New Bekyh NY 12550
Newburgh NY 12550

RL  No individual item over $100.00                          Value Alleged by Inmate

**9.** Article(s) listed as "Mail" (M) Are to be forwarded to (Name and Address of Consignee):

**10.** Claim Release: a. The receiving officer, as soon after receipt of the property as possible, will review the inventory with the inmate to verify it's accuracy. Property that is stored, kept in possession of the inmate, mailed out of the institution, or donated is to be marked in the appropriate section of this inventory form. The receiving officer certifies receipt, review and disposition of the property by signing below. The inmate by signing below certifies the accuracy of the inventory, except as noted on the form, relinquishing of all claim to articles listed as donated, receipt of all allowable items, and receipt of a copy of the inventory. When the inmate claims a discrepancy in the inventory the receiving officer shall attempt to resolve the discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under COMMENTS.
COMMENTS:

| Printed Name/Signature of Receiving Officer: S Franklin *[signature]* | Date: 8/16/13 | Time: 203? |
|---|---|---|
| I have today reviewed the property returned to me. *[signature] Regina Lewis* | 67206-054 | 8/16/13 | 203? |
| Signature of Inmate | Register # | Date | Time |

b. Upon release of the inmate from the unit, detention, etc., the releasing officer is to give the inmate that property stored as a result of the inmate's housing. The inmate certifies release of the property, except as noted on this form, and receipt of a copy of the inventory by signing below. When the inmate claims a discrepancy in the inventory, the releasing officer shall attempt to resolve the discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under COMMENTS.
COMMENTS:

| Printed Name/Signature of Receiving Officer: _____ | Date: _____ | Time: _____ |
|---|---|---|
| I have today reviewed the property returned to me. | | |
| Signature of Inmate | Register # | Date | Time |

Original: Central File; Copy: Inmate, R&D, Special Housing
(This form may be replicated by WP)

Replaces of BP-S383 of AUG 94

PRINTED ON RECYCLED PAPER                                              USP LVN

1. Name Of Institution:
M.D.C BROOKLYN, NY

## Part I - Incident Report

| 2. Name Of Inmate LEWIS,REGINA | 3.Register Number 67206-054 | 4. Date Of Incident 4-4-2013 | 5. Time 11:30 AM |
|---|---|---|---|
| 6. Place Of Incident Unit A-A, COMMON AREA | 7. Assignment Unassigned | 8. Unit UNIT A-A | |

| 9. Incident POSSESSION OF STOLEN PROPERTY | CODE: 299/MOST LIKE A CODE 226 |
|---|---|

11. Description Of Incident Date: 4-15-2013 Time 11:30 AM Staff became aware of incident.

An SIS investigation that was concluded on 4-15-2013, through interviews, and documentation revealed inmate Lewis, Regina, Register Number 67206-054 had in her possess a SENTRY generated computer (In-Transit Data Form) document. Specifically, Lewis told a staff member she should have been released according to her (CIM) Central Inmate Monitoring clearance form which she had in her possession. Staff told Lewis to go and get the (CIM) form to them. Lewis then departed the immediate area and went and retrieved the (CIM) form. Staff became aware that attached to the (In-Transit Data Form) which Lewis gave to staff was (CIM) inmate separation documentation. Inmate Lewis should have not been in possession of any SENTRY computer documentation which contained inmate separation information.

| 12. Signature Of Reporting Employee | Date And Time 4-15-2013 11:30 AM | 13. Name And Title (Printed) D. TESSEL, LIEUTENANT | |
|---|---|---|---|
| 14. Incident Report Delivered To Above Inmate By | | 15. Date Incident Report Delivered 4-15-13 | 16.time Incident Report Delivered 12:45p |

## Part II - Committee Action

17. Comments Of Inmate To Committee Regarding Above Incident

| 18. A. It Is The Finding Of The Committee That You: _____ Committed The Following Prohibited Act. _____ Did Not Commit A Prohibited Act. | B. _____ The Committee Is Referring The Charge(s) To The DHO For Further Hearing. C. _____ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 Calendar Days. |
|---|---|

19. Committee Decision Is Based On The Following Information

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

21. Date And Time Of Action _____ (The UDC Chairman's Signature Next To His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects The UDC Proceedings.)

| Chairman (Typed Name/signature) | Member (Typed Name) | Member (Typed Name) |
|---|---|---|

Record Copy - Central File Record; Copy - DHO; Copy - Inmate After UDC Action; Copy - Inmate Within 24 Hours Of Part I Preparation
(This Form May Be Replicated Via WP)                    Replaces BP-288(52) Of Jan 88

GRIGINAL

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**April 3, 2013**

KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 4:11-CV-367-Y (01) |
| | § | |
| LETICIA MANZANO | § | "UNDER SEAL" |

RESPONSE TO THE GOVERNMENT'S OBJECTIONS TO THE
PROPOSED FINDINGS AND CONCLUSIONS OF THE
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE TERRY R. MEANS:

1. Does the court have authority to set conditions of release.

The government does not outright contest that the provisions of 18 U.S.C. § 4246(e) govern this provision, and thus, does not contest that a conditional discharge is authorized by statute. However, the government does seem to cast doubt on that conclusion. See Objections[1], p. 5 ("If . . . this Court adopts the Magistrate Judge's conclusion that 18 U.S.C. § 4247(h) is broad enough to order a conditional discharge at the request of the inmate . . . .) The defendant's Memorandum Regarding the Government's Proposed Findings and Conclusions, and the Magistrate Judge's findings already address the case law on this subject. Manzano has the following additional observations.

This case is governed first by 18 U.S.C. § 4247(h), which allows an inmate to move the court, through counsel, for a discharge hearing "[r]egardless of whether the director of the facility in which a person is committed has filed a certificate pursuant

---

[1]Petitioner's Objections to Sealed Findings, Conclusions and Recommendation of the United States Magistrate Judge, hereinafter will be referred to as "Objections."

Page 1 of 9

the date of the last hearing. In fact, the statute simply requires that the Magistrate Judge find that the inmate has recovered to the extent release would not presently create a substantial risk of harm to another. There is no statutory requirement that some drastic change have occurred between from one hearing to the next. There is only the requirement that the Court, now, determine, based on the evidence before it, if the inmate has recovered to the extent they are no longer a risk.

It would be completely unfair, in any event, to rely on the finding of the first hearing. There, Ms. Manzano represented herself. She did not call Dr. Fallis. Dr. Powers, the expert for the government provided false testimony regarding alleged assaultive conduct by Ms. Manzano – though this may have been unwitting on his part. Dr. Powers testified that an "officer observed her taking a tray and hitting her cellmates with it and then saying, if she had any cellmates in her cell, she would harm them." p.10, Tr. October 24, 2011 hearing. This was shown to be false at the next hearing, as found by the Magistrate Judge. The incident was video recorded and included in the record as Defense Exhibit 13. The video was played for the Magistrate Judge, and the Court found Ms. Manzano did not assault anyone in that incident. <u>See Sealed Findings . . .</u>, p.5, n.3. Thus the most serious allegation of assaultive conduct presented to the Court at the first hearing was false.

Second, at the first hearing important information about the defendant's lack of an assaultive history was not brought before the court, including Defense Exhibits 1 through 11, which were "SHU reviews" written by various doctors at the B.O.P., including Dr. Powers, reporting on Ms. Manzano's progress. Each reflects an opinion that Ms. Manzano's threat to her self or others is low. Nor was Dr. Fallis's testimony

# INCIDENT REPORT

## PART I - INCIDENT REPORT

NAME OF INSTITUTION: **FMC Carswell**

| 2. NAME OF INMATE: | 3. REGISTER NUMBER: | 4. DATE OF INCIDENT: | 5. TIME: |
|---|---|---|---|
| Lewis, R | 67206-054 ~~67205-054~~ *jp* | June 26, 2013 | 8:00 am |

| 6. PLACE OF INCIDENT: | 7. ASSIGNMENT: | 8. UNIT: |
|---|---|---|
| FMC CARSWELL | N/A Forensic Study | M1 |

| 9. INCIDENT: Refusing to accept a program assignment | 10. CODE: **306** |
|---|---|

11. Description of Incident   Date:  June 26, 2013   Time: 8:00 am

67206-054 *jp*

Inmate R. Lewis (~~67205-054~~) was placed on call out for 7:45 am on June 26, 2013 and did not show.   A call to her unit officer revealed that she was on the unit.   It is notable that she did not show for a call out yesterday (7:45 am on June 25, 2013) and had to be called from her unit.   I spoke with her about the importance of reporting for call-outs and told her that not doing so could result in an incident report. She was then told that she would be placed on call-out for today's date at 7:45 am and she needed to show for her appointment.

| 12. SIGNATURE OF REPORTING EMPLOYEE: | TIME/DATE: | 13. NAME AND TITLE (Printed): |
|---|---|---|
| *L Powers* | 8:15 AM   6/26/13 | L. Powers, Forensic Psychologist |

| 14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY: | 15. DATE INCIDENT REPORT DELIVERED | 16. TIME INCIDENT REPORT DELIVERED |
|---|---|---|
| C. Ethridge/C.A.O | 6/26/13 | 1346 hrs   C. 4008, 7/2/13, 8'04 AM |

## PART II - COMMITTEE ACTION

17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT:

18. A. IT IS THE FINDING OF THE COMMITTEE THAT YOU:

_____ COMMITTED THE FOLLOWING PROHIBITED ACT.

_____ DID NOT COMMIT A PROHIBITED ACT.

B. _____ THE COMMITTEE IS REFERRING THE CHARGE(S) TO THE DHO FOR FURTHER HEARING

C. _____ THE COMMITTEE ADVISED THE INMATE OF ITS FINDINGS AND OF THE RIGHT TO FILE AN APPEAL WITHIN 15 CALENDAR DAYS.

19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION:

20. COMMITTEE ACTION AND/OR RECOMMENDATION IF REFERRED TO DHO (CONTINGENT UPON DHO FINDING INMATE COMMITTED PROHIBITED ACT):

21. DATE AND TIME OF ACTION _____ (THE UDC CHAIRMAN'S SIGNATURE NEXT TO HIS NAME CERTIFIES WHO SAT ON THE UDC AND THAT THE COMPLETED REPORT ACCURATELY REFLECTS THE UDC PROCEEDINGS.)

| Chairman (Typed Name/Signature) | Member (Typed Name) | Member (Typed Name) |
|---|---|---|

Record Copy - Central File Record;  Copy - DHO;  Copy - Inmate after UDC Action; Copy - Inmate Systems;  Copy - Inmate within 24 hours of Part I preparation
(This form may be replicated via WP)          BP-S288.052
  Replaces BP-288(52) of JAN 88

```
NAME.......: LEWIS, REGINA
REGISTER NO: 67206-054                DOB (AGE): 01-29-1966 (46)
RACE / SEX.: BLACK / FEMALE           ETHNIC...: OTHER THAN HISP
RESIDENCE..: NEWBURGH, NY 12505       RSP OF...: BRO A-PRE

DESTINATION: Westchester Co.          LEVEL/CUSTODY: LOW      /IN
                                      PROJ REL DATE:
ESCAPE.....: NONE                     DETAINERS....: NO
VIOLENCE...: NONE                     NOTIFICATIONS: NO
HGT.: 506     HAIR: BN                PSYCH ALERT..: NO
WGT.: 165     EYES: BN
OFFN/CHG RMKS: STUDY EXAM/EVALUATION.DKT.12 MAG. 1992(UA),NTE:30 DAYS,BASE
               OFF:THREATENING FEDERAL JUDGE.
```

*NOTE* SENSITIVE-LIMITED OFFICIAL USE CMC AND SEPARATE HARDCOPY DATA ATTACHED

**************************************************************

GENERAL PHYSICAL APPEARANCE (COMMENTS):

_See Photo_

| Last Name | | 07-26-2012 |
| **LEWIS** | | |
| First Name | | |
| **REGINA** | | |
| Middle Name | Suffix | |

LIST ANY NON-ROUTINE SECURITY NEEDS:

_S.O.P_

Ht **5' 6"**   Wt **165**
Hr **BRO**   Ey **BRO**
REG# **67206-054**  BRO


67206-054  LEWIS

NAME OF NEAREST RELATIVE OF INMATE: _____

CITY AND STATE OF RELATIVE........: _197 Lake Drive
Newburgh, New York 12505_

ADDITIONAL COMMENTS:
- _Limited Information_
- _Use Caution_
- _CIMS Concerns + See Attached Sheet_

**************************************************************

NOTE:   STATEMENT TO TRANSPORTING OFFICER:
"SENSITIVE - LIMITED OFFICIAL USE DOCUMENT - SECURITY MUST BE MAINTAINED."

TRANSPORTING OFFICER: _____   AGENCY: _____

PREPARED BY: D.EVANS _/Evans_   TITLE: CSO         DATE: 10-10-2012

REGISTER NO: 67206-054 NAME: LEWIS

| REGISTER NUMBER | LAST NAME | FIRST NAME | ARS FCL | ARS ASSIGN | ARS DATE | ARS TIME | QTR ASSIGN |
|---|---|---|---|---|---|---|---|
| 67206-054 | LEWIS | REGINA | BRO | A-PRE | 09-21-2012 | 1412 | A05-003L |

CMC ASSGNS: SEPARATION
02 REMARKS: 8/14/12 OMDT/HSL DSG NYM F FR CRT ORD 4241B PSY STUDY.
02 REMARKS: 8/14/12 OMDT/HSL CXL NYM F; STUDY TO BE PERFORMED BY OUTSIDE*
02 REMARKS: *PSYCHOLOGIST.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 67027-054 | WEEKS | SYLVAN | NYM | A-PRE | 08-28-2012 | 1150 | B01-215L |

*****      FOI EXEMPT

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

--------------------------------------------------------------------------------------------------------------

most favorable to the government, and makes the legal decision about whether there is a prima facie. If the motion is denied, the fact that defense counsel has presented it to the trial judge, preserves for appeal the question of the sufficiency of the prosecutions case.

Notes of Committee on the Judiciary on 1975 amendments (House Report No. 94-247). B. Committee Action. The Committee agrees with proposed rule but has added the language concerning the use of statements made to a psychiatrist during the course of a psychiatric examination provided for by Rule 12.2. The language provides: No statement made by the accused in the course of any examination provided for by this rule, whether the examination shall be with or without the consent of the accused, shall be admitted in evidence against the accused before the judge who or jury which determines the guilt of the accused, prior to the determination of guilt.

The District Court held that to afford sufficient protection to the liberty interest it had identified, the State was required to observe the following minimum procedures before transferring a prisoner to a mental hospital:
A. Written notice to the prisoner that a transfer to a mental hospital is being considered;
B. A hearing, sufficiently after the notice to permit the prisoner to prepare, at which disclosure to the prisoner is made of the evidence being relied upon for the transfer and at which an opportunity to be heard in person and to present documentary evidence is given;
C. An opportunity at the hearing to present testimony of witnesses by the defense and to confront and cross-examine witnesses called by the state, except upon a finding, not arbitrarily made, of good cause for not permitting such presentation, confrontation, or cross-examination;
D. An independent decision maker;
E. A written statement by the factfinder as to the evidence relied on and the reasons for the transferring the inmate;
F. Availability of legal counsel, furnished by the state, if the inmate is financially unable to furnish his own; and
G. Effective and timely notice of all the foregoing rights. 437 F. Supp; at 575.

For the purposes of an examination pursuant to an order under section 4241, 18USC4241, the court may commit the person to be examined for a reasonable period, but not to exceed thirty days. Unless impracticable, the psychiatric or psychological examination shall be conducted in a suitable facility closest to the court. The director of the facility may apply for a reasonable extension, but not to exceed thirty days, upon showing of good cause that the additional time is necessary to observe and evaluate the defendant. 4247 General Provisions for Chapter

Magaline Wade 27698180
Glenda M. Hall 19938-034

Pam Dom 646 235-9308


CIA
office of Public Affairs
Washington DC 20505
(703) 482-0623

Bonnie Vosburgh 70655-067
Sandra Johnson 16873043
106 Nate Rd
Lake MS 39092

mother (769) 274-0824
daughter
daughter 601 813-9320
601 507-1725
A uncle Nate 601 775-8147

(b) **Pretrial Motions.**

(1) *In General.* Rule 47 applies to a pretrial motion.

(2) *Motions That May Be Made Before Trial.* A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue.

(3) *Motions That Must Be Made Before Trial.* The following must be raised before trial:

(A) a motion alleging a defect in instituting the prosecution;

(B) a motion alleging a defect in the indictment or information-but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense;

(C) a motion to suppress evidence;

(D) a Rule 14 motion to sever charges or defendants; and

(E) a Rule 16 motion for discovery.

(4) *Notice of the Government's Intent to Use Evidence.*

(A) *At the Government's Discretion.* At the arraignment or as soon afterward as practicable, the government may notify the defendant of its intent to use specified evidence at trial in order to afford the defendant an opportunity to object before trial under Rule 12(b)(3)(C).

(B) *At the Defendant's Request.* At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

67206054



DEC -9 2013

AIR STATION

DEC -9 2013

NEW YORK FROM NY 10011



USM P3
SDNY

FBD SEC O FICE
DEC 17 2013

<>67206-054<>
U S District Court
500 Pearl ST
NEW YORK, NY 10007
United States

12/6/13
P.O.B