UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
REGINA LEWIS,

       Plaintiff,

   -against-

ERIC WEISS,

       Defendant.
------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 4/27/16

12-cv-07242 (ALC)

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

*Pro se* plaintiff Regina Lewis brings suit against Deputy United States Marshal Eric Weiss, alleging violations of her Fourth and Fifth Amendment rights during her arrest and subsequent imprisonment.[1] Before the Court is Weiss's motion to dismiss. For the reasons stated below, that motion is GRANTED.

## BACKGROUND

### a. Factual Background

Unless otherwise noted, the following facts are taken from allegations in Plaintiff's Amended Complaint and Second Amended Complaint, which are assumed to be true for the purposes of this motion.[2]

On July 25, 2012, the Government filed a sealed criminal complaint, accusing Plaintiff of threatening to kill a federal judge in violation of 18 U.S.C. § 115(a)(1)(B). (Crim. Compl., Crim.

---

[1] Plaintiff has separately filed suit against Regina Eldridge, Associate Warden of the Metropolitan Correctional Center in New York, alleging violations of her Eighth Amendment rights. *See Lewis v. Eldridge*, No. 13 Civ. 1485 (ALC) (S.D.N.Y.). However, this Opinion relates only to her suit against Weiss.

[2] In deciding a motion to dismiss, the court may consider the facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint, and matters of which judicial notice may be taken. *See Thomas v. Goord*, 215 Fed. Appx. 51, 52 (2d Cir. 2007). "It is common and entirely proper for courts to take judicial notice," although "a court may not take judicial notice of that proceeding for the truth of the matters asserted therein." *Guzman v. United States*, No. 11 Civ. 5834 (JPO), 2013 WL 543343, at *4 (S.D.N.Y. Feb. 14, 2013) (citations omitted).

ECF No. 1; Exh. 1, Def.'s Mot. Dismiss, ECF No. 53 ("Crim. Compl.").)[3] The complaint was signed by Deputy Marshal Eric Weiss. (*Id.*) In the complaint, he described the results of his investigation, including his interviews with two witnesses who had received phone calls in which a person identifying herself as Plaintiff made threats against a federal judge. (*Id.*) That same day, based on the complaint, a magistrate judge signed a warrant for Plaintiff's arrest. (Warrant, Crim. ECF No. 2; Exh. 2, Def.'s Mot. Dismiss ("Warrant").)

The next day, July 26, 2012, Marshal Weiss and other U.S. Marshals executed the arrest warrant. (Crim. ECF No. 6.) According to Plaintiff, her arrest took place at 4:30 a.m. on July 26, 2012, when the marshals entered her home by removing a sliding glass door. (Second Amended Compl., ECF No. 16 ("SAC"), 1). Her arrest followed several months in which she "noticed extra activity on [her] computers" and "was receiving calls at 2:30 am while there was silence from the caller." (*Id.*). Plaintiff also alleged that Weiss hacked into her electronics, burglarized her home, and crashed and stole her computers and other electronic devices over the course of the arrest. (Amd. Compl., ECF No. 10, 1-2.)

At some point following her arrest, Plaintiff was served the criminal complaint signed by Weiss. (SAC, 2.) Plaintiff alleges that the affirmation was deficient first because it did not identify the judge whom she allegedly threatened by name, nor did it identify her as the caller, and second because it "states no more than the offense as charged and lacked merit and legal fact," and thus does not establish probable cause. (Amd. Compl., 1) Plaintiff claims that because both a "complainant" and a "witness" are imperative to establish probable cause, the affirmation was deficient, as Weiss "is not a victim nor a witness to a crime." (*Id.*) She also alleges that Weiss did not have the authority to arrest or investigate federal violations and that he was not

---

[3] Citations to "Crim. ECF" refer to the electronic docket for the criminal case against Plaintiff, *United States v. Lewis*, No. 12 Cr. 655 (S.D.N.Y.). All other citations to "ECF" refer to the electronic docket for the instant matter.

issued an arrest warrant. (*Id.*) At some point after her arrest, Plaintiff informed her appointed federal public defender, Martin Cohen, that Eric Weiss had no arrest or search warrant when he entered her home. (SAC, 3.)

Also after her arrest, Plaintiff was interviewed by Pre-Trial Services and Cohen and informed them:

> ". . . Eric Weiss had an unhealthy interest in me and . . . I believed that he was hacked into my computers. I also instructed Martin Cohen that Eric Weiss had no arrest warrant or search warrant, but [t]he court wouldn't care."

(SAC, 1.) Cohen allegedly informed her that "both Eric Weiss and Michael Maimin were in the court room waiting for [her] and he had no idea why." (*Id.*) Plaintiff informed Cohen that Weiss had photos of her that he carried with him. (*Id.*) When Plaintiff entered the courtroom, Weiss was present, "sitting in the back of the courtroom slouched in a chair swatting his legs opened and closed . . ." (*Id.*)

Plaintiff was indicted by a grand jury on August 23, 2012, on a single count of violating 18 U.S.C. § 115(a)(1)(B). (Crim. ECF No. 8.) Over the course of her criminal case, Plaintiff received psychiatric evaluations and treatment. (Crim. ECF No. 65; *see also* SAC). At a meeting with a psychologist in August 2012, Plaintiff allegedly reported that she felt that Weiss had unhealthy interest in her, that he may have hacked into her computer, and that she loved him. (SAC, 1.) She later spoke to her lawyer, Cohen, who allegedly told her that Weiss had, in fact, hacked into her computer and who agreed that Weiss was "sick." (*Id.*) Throughout the proceedings, Plaintiff repeated similar allegations to other individuals. (*See* Amd. Compl.; SAC.)

While her case was pending, Plaintiff was held at the Metropolitan Detention Center in Brooklyn but was also transferred to several other state and federal facilities, including the Orange County, New York, jail, to face unrelated charges in other jurisdictions. (*See* SAC, 1.)

Marshals were involved in these transfers, and Plaintiff alleges that "neither U.S. Marshals nor the Orange county Sheriff's Department had the legal right to hold me for each other with no detainers." (*See* Amd. Compl., 2.) She was also transferred to facilities around the country. (*Id.*) At some point, she allegedly received a sheet of paper indicating that she should be released, though various federal prison personnel interpreted the document differently. (*Id.*)

Following a bench trial in front of the Hon. Brian M. Cogan, U.S. District Judge for the Eastern District of New York, Plaintiff was convicted of violating 18 U.S.C. § 115(a)(1)(B). (Crim. ECF No. 109.) In January 2015, she was sentenced to time served and a one-year term of supervised release. (Crim. ECF No. 125.) Soon after, Plaintiff was arrested for violating the terms of her supervised release, and she served the remainder of her sentence. (Crim. ECF No. 146). She was released on June 15, 2015, and is no longer in custody.

b. **Procedural Background**

Plaintiff, proceeding *pro se*, filed this action on September 24, 2012, against a number of defendants. (ECF No. 1). On August 6, 2013, Chief Judge Loretta Preska *sua sponte* dismissed Plaintiff's claims against all of the defendants except Deputy Marshal Weiss and directed Plaintiff to file an amended complaint. (ECF No. 8.)

On September 5, 2013, Plaintiff filed an amended complaint, naming Marshal Weiss as well as a number of entities as defendants. (ECF No. 10.) This Court, upon review of the amended complaint, *sua sponte* dismissed Plaintiff's complaints against all defendants except Marshal Weiss and construed the complaint to raise claims of false arrest and false imprisonment. (ECF No. 12.) On December 17, 2013, Plaintiff filed a second amended complaint, making substantially the same allegations, without leave of the Court. (ECF No. 16.)

While Plaintiff did not receive leave to file the second amended complaint, the Court will consider it, given that she is proceeding *pro se*. Further, while Plaintiff was instructed that any amended complaint would supplant, rather than supplement, her prior complaint, the Court will consider the allegations and attachments to her amended complaint as well as those her second amended complaint. *See Davila v. Lee*, No. 11 Civ. 496 (LTS) (FM), 2014 WL 7476207, at *1 n. 1 (S.D.N.Y. Dec. 30, 2014), *report and recommendation adopted*, 2015 WL 1573323 (S.D.N.Y. Apr. 9, 2015) ("The Amended Petition does not incorporate [plaintiff's] original claims despite my warning that any claims not expressly set forth therein might be deemed abandoned. . . . I nevertheless have addressed the claims raised in [plaintiff's] Initial Petition because he is proceeding *pro se*."); *Anthony v. Brockway*, No. 15 Civ. 451, 2015 WL 3419536, at *1 (N.D.N.Y. May 27, 2015) ("Even though Plaintiff's original complaint is superseded by his amended/supplemental complaint, in light of Plaintiff's *pro se* status, the Court has considered the allegations in, and attachments to, both Plaintiff's original and amended/supplemental complaints upon its initial review.").

Weiss moves to dismiss, arguing that Plaintiff's amended complaint is frivolous and fails to state a claim as a matter of law. (ECF No. 52.) While Plaintiff has not submitted any papers styled as opposition to this motion, she has indicated in several letters to the Court her opposition to the dismissal of her case. (*See, e.g.* ECF Nos. 61, 62, 67.)

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows

5

the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted). The court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). However, the court need not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678, 681 (citing *Twombly*, 550 U.S. at 555). The complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & iStone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

When presented with an unopposed motion, the court may not find for the moving party without reviewing the record and determining whether there is sufficient support for granting the motion. *See Kinlaw v. Walsh*, 10 Civ. 07539 (RMB) (JLC), 2012 WL 2548437, at *1 (S.D.N.Y. June 29, 2012); *see also Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) ("[C]ourts, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law") (citation and internal quotation marks omitted). "[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its

own reading of the pleading and knowledge of the law. If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *Edwards v. Horn*, No. 10 Civ. 6194 (RJS), 2012 WL 760172, at *4 (quoting *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000)).

Finally, in a case brought by a *pro se* litigant, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that [it] suggest[s]." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted). "This policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and internal quotation marks omitted) Even so, the Court "cannot invent factual allegations that [the plaintiff] has not pled." *Chavis*, 618 F.3d at 170.

## DISCUSSION

In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). *Bivens* itself involved "a victim of a Fourth Amendment violation by federal officers," and the Court permitted the plaintiff to bring a suit for money damages against the offending officers. *Id*. "Since the doctrine's inception, the Supreme Court has been reluctant to extend *Bivens* liability further," *Zielinski v. DeFreest*, No. 12 Civ. 1160 JPO, 2013 WL 4838833, at *4 (S.D.N.Y. Sept. 10, 2013) (quoting *Arar v. Ashcroft*, 585 F.3d 559, 596 (2d Cir. 2009) (Sack, J., dissenting)) (internal alterations omitted), but the Second

Circuit has recognized that "a deprivation of procedural due process rights can give rise to a *Bivens* claims." *Id.*; *see also id.* (collecting cases).

This Court construes Plaintiff's complaint to raise false arrest and false imprisonment in violation of the Fourth Amendment, as well as deprivation of property in violation of the Fifth Amendment. (*See* Pl.'s Ltr., ECF No. 67 ("I also wish to address my other civil case [No. 12 Civ. 7242] in Fourth Amendment terms for unlawful search and seizure since no warrant could have been issued . . . since no probable cause existed and no exigent circumstances . . . for a warrantless search and seizure."); *see also* Order, ECF No. 12 ("Plaintiff may proceed, however, with her false arrest and wrongful imprisonment claims against Defendant Eric Weiss.").

**I.      Fourth Amendment Claims**

  **a. False Arrest and False Imprisonment**

"The claims of false arrest and false imprisonment are premised on a lack of probable cause for the arrest." *Dockery v. Tucker*, 73 F. Supp. 2d 224, 231 (E.D.N.Y. 1998) (citing *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986)). Thus, *Bivens* claims of false arrest and false imprisonment implicate "the Fourth Amendment right to be free from unreasonable seizures, including arrest without probable cause." *Williams v. Young*, 769 F. Supp. 2d 594, 602 (S.D.N.Y. 2011).

"At common law, because conviction is considered conclusive evidence of probable cause, actions for false arrest and false imprisonment are barred if the plaintiff remains convicted of the offense for which he was arrested." *Dockery*, 73 F. Supp. 2d at 231 (citing *Cameron*, 806 F.2d at 387). The Supreme Court, in *Heck v. Humphrey*, 42 U.S. 477 (1994), held that this common-law bar applies to false arrest and false imprisonment claims brought pursuant to 42 U.S.C. § 1983, and the Second Circuit has concluded "that *Heck* should apply to *Bivens* actions

8

as well." *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995). Thus, where a plaintiff does not demonstrate that her conviction has been invalidated in any manner, the court must dismiss claims of false arrest and false imprisonment relating to that conviction. *Id*.

Here, Plaintiff was arrested, imprisoned, and convicted for violating 18 U.S.C. § 115(a)(1)(B). Plaintiff's conviction still stands, as it has not been invalidated on direct appeal, in a habeas corpus proceeding, or otherwise. The same facts underlie her conviction and the instant *Bivens* action. Therefore, this Court must dismiss Plaintiff's false arrest and false imprisonment claims, as there has been nothing to disturb the "conclusive evidence of probable cause" provided by her conviction. *See Dockery*, 73 F. Supp. at 231.

### b. Validity of Warrant

A plaintiff may also challenge the sufficiency of a warrant under *Bivens*. *See Groh v. Ramirez*, 540 U.S. 551, 557 (2004) (finding, in a *Bivens* action, that a search warrant lacked the particularity required by the Fourth Amendment); *see also Turkmen v. Hasty*, 789 F.3d 218, 237 (2d Cir. 2015). However, these challenges too may be subject to the *Heck* bar discussed above, if a challenge to the validity of the warrant would necessarily imply that a still-undisturbed conviction was invalid. *See Stegemann v. Rensselaer Cty. Sheriff's Office*, No. 15 Civ. 21, 2015 WL 736814, at *4 (N.D.N.Y. Feb. 20, 2015) ("[I]n finding that the warrant was invalid in this civil suit, the Court would be challenging the exact vehicle through which the named law enforcement agencies found . . . the evidence in the Criminal Indictment. Accordingly, were Stegemann to succeed . . . he would necessarily call into question the validity of theory behind his pending criminal prosecution."); *see also Aderonmu v. Heavey*, No. 00 Civ. 9232 (AGS), 2001 WL 77099, at *2 (S.D.N.Y. Jan. 26, 2001) ("Plaintiff's challenge to the constitutionality of

the allegedly invalid search warrants and arrest, brought pursuant to the Fourth Amendment, as set forth in the Complaint, necessarily implicate the validity of plaintiff's conviction.").

In this case, it is unnecessary to delve into whether Plaintiff's challenge to the warrant under which she was arrested calls into question the validity of her conviction, as Plaintiff fails to plausibly allege that the warrant was invalid. Plaintiff claims that Weiss's affirmation in support of the warrant was insufficient because Weiss himself did not witness the alleged crime, because the warrant did not authorize Weiss by name to carry out the arrest, and because, Plaintiff alleges, "[T]he affirmation does not identify a judge (victim) nor me as the caller." (Amd. Compl. 1.) None of these allegations state a viable Fourth Amendment claim.

First, for an arrest warrant to issue, a magistrate must find that there is probable cause, *i.e.* that the stated information in support of the warrant is sufficient to cause a reasonably prudent person to believe a crime was committed by the accused. *See Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006). In making this determination, a magistrate must evaluate the totality of the circumstances presented, and the evidence considered need not be admissible under the Federal Rules of Evidence. *See* Fed. R. Evid. 1101(d)(3) (Federal Rules of Evidence do not apply to "miscellaneous proceedings such as . . . issuing an arrest warrant. . ."). Thus, "probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily." *Franks v. Delaware*, 438 U.S. 154, 165 (1978). Given that, it is immaterial that Weiss did not swear that he personally witnessed Plaintiff commit a crime; even based on hearsay, the magistrate was permitted to make a finding of probable cause. Likewise, the warrant was not invalidated by the fact that Weiss did not conclusively rule out that another person, purporting to be Plaintiff, made the threatening phone calls in question. *See Ricciuti v. N.Y.C. Transit Auth.*,

124 F.3d 123, 128 (2d Cir. 1997) ("Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.").

Second, despite Plaintiff's contention that the warrant did not specifically authorize Weiss to arrest Plaintiff, it is directed, "To: United States Marshal or Any Other Authorized Officer," and it orders, "You are hereby commanded to arrest the above-named person . . ." (Warrant). Weiss, as a United States Marshal, was specifically authorized to make arrests without warrant for any offense against the United States and to execute federal arrest warrants. *See* 28 U.S.C. § 566(d) (warrantless arrests); 28 C.F.R. § 0.111(a) (execution of federal arrest warrants). There is no requirement that an arrest warrant direct a *specific* law enforcement officer to carry it out.

Finally, as to Plaintiff's contention that the warrant and/or criminal complaint did not identify her or the specific judge in question, her allegations are not supported by the documents in question, nor do they touch on any legal requirements. Both the complaint signed by Weiss and the warrant itself identify Plaintiff by name many times over. (*See, e.g.* Warrant (listing "Regina Lewis" in field labeled, "Name and Address of Individual to be Arrested"); Crim. Compl. ("Wherefore, deponent prays that Regina Lewis, the defendant, be arrested and imprisoned, or bailed, as the case may be.").) As to the identity of the victim, it is true that the judge in question is not named in either the complaint or the warrant. However, he is identified in the complaint as a United States District Judge in the Southern District of New York, who had "closed" a civil lawsuit filed by Plaintiff, and the threats alleged to have been made against him by Plaintiff are set forth in detail. (Crim. Compl. ¶ 2.) There is no requirement that the victim of the offense be identified by name in the criminal complaint. *See United States v. Muyet*, 945 F.

Supp. 586, 600 (S.D.N.Y. 1996) (where an indictment did not provide the defendants with the names of victims but set forth the date of the alleged attacks on victims, the names of charged defendants, and the nature of the attacks, "[t]he Government is not required to provide further specifics . . ."); *United States v. Columbo*, No. 04 Cr. 273 (NRB), 2006 WL 2012511, at *16 (S.D.N.Y. July 18, 2006) (explaining, where defendant moved to dismiss indictment on ground that Government failed to identify the victims, that "[t]o satisfy the requirements of Fed. R. Crim. P. 7(c) and the Constitution, an indictment 'need do little more than track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime'" (quoting *United States v. Stavroulakis,* 952 F.2d 686, 693 (2d Cir. 1992)). Similarly, this Court can conceive of no reason why the name of the victim should be included in a warrant authorizing the arrest of a defendant. Thus, Plaintiff fails to state a facially plausible challenge to the sufficiency of the warrant.

## II.   Fifth Amendment Claims

The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. A plaintiff claiming that a government agent has intentionally deprived her of property in an unauthorized manner may bring such a claim pursuant to *Bivens. See D'Amario v. United States*, 56 F. Supp. 3d 249, 254 (W.D.N.Y. 2014). However, "an unauthorized intentional deprivation of property . . . does not constitute a violation of the procedural requirements of the Due Process Clause . . . if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). That an individual "might not be able to recover under these remedies the full amount which he might receive . . . is not determinative of the adequacy of the administrative

remedies" *Stuto v. Fleishman*, 164 F.3d 820, 825 (2d Cir. 1999) (quoting *Hudson*, 468 U.S. at 435).

Here, the Court construes Plaintiff to bring a Fifth Amendment claim, as she asserts that her "computers were . . . . damaged when U.S. Marshal Eric Weiss crushed all of them," that her "house was also burglarized by U.S. Marshal Eric Weiss and the U.S. Marshals Service who stole my home and office computers, televisions, cell phone, digital camera and other electronic items." (Amd. Compl. 1.) However, her allegations do not constitute a violation of the procedural requirements of the Due Process Clause because a meaningful postdeprivation remedy for her loss is available.

Under 31 U.S.C. § 3724, the Government "may settle, for not more than $50,000 in any one case, a claim for . . . damage to, or loss of, privately owned property, caused by an investigative or law enforcement officer . . ." 31 U.S.C. § 3724(a). While this remedy may not provide recovery for the full amount that Plaintiff might receive in a civil rights action, it still constitutes a postdeprivation remedy such that the deprivation of property alleged here does not constitute a violation of the Due Process Clause. *See Hudson*, 468 U.S. at 435; *see also Cunningham v. McCluskey*, No. 05 Civ. 10169 (DAB) (KNF), 2011 WL 2791336, at *7 (S.D.N.Y. June 22, 2011), *report and recommendation adopted* 2011 WL 3478312 (S.D.N.Y. Aug. 8, 2011). Because there is a postdeprivation remedy available, Plaintiff does not state a claim for violation of her Due Process rights. *See D'Amario*, 56 F. Supp. at 255 ("As numerous courts have found, the procedure provided by § 3724 is adequate to preclude a *Bivens* claim for a due process violation."); *id.* (collecting cases); *see also Stuto*, 164 F.3d at 825 (finding, regardless of the cognizability of a *Bivens* claim alleging violations of the Fifth Amendment right

to due process, that plaintiff failed to state such a claim because there existed a "menu of possible post-deprivation remedies . . .").

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted. Plaintiff's Fifth Amendment claim is dismissed with prejudice, as any amendment would be futile. Her Fourth Amendment claims are dismissed without prejudice with leave to re-file in the event that her criminal conviction is disturbed.

**SO ORDERED.**

**Dated:** April 27, 2016
New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**